UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC DIVERSIFIED INVESTMENTS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RAMSON MUMBA, et al.,<br><br>Defendants. | Case No. 20-cv-03645-RS<br><br>**ORDER TO SHOW CAUSE; ORDER DENYING MOTION TO TRANSFER VENUE AND MOTION TO DISMISS** |

The procedural history of this case is messy. On June 1, 2020, Plaintiff Pacific Diversified Investments, LLC ("PDI") filed a complaint. In response, Defendants filed a Motion to Transfer Venue, Motion for Partial Dismissal, and a Motion to Disqualify Counsel on July 7, 2020. In lieu of a substantive opposition to those motions, Plaintiff purported to file a First Amended Complaint ("FAC") on August 13, 2020. Defendants filed a Motion to Strike the FAC as untimely on August 24, 2020. Plaintiffs responded a day later with a Motion for Administrative Relief asking for confirmation, pursuant to Local Rule 7-11, that the FAC was timely filed.

Though Defendants are likely correct that the FAC was not timely filed under Federal Rule of Civil Procedure 15(a), section (b) of Rule 15 allows a party to amend with the court's leave, which should be freely given. Fed. R. Civ. P. 15(a) – (b). In the interest of judicial efficiency, Plaintiffs will not be required to file a motion to resubmit the amended complaint. Instead, the amendment will be allowed, and the FAC filed on August 13, 2020 will be deemed operative. The motion to transfer venue and the motion to dismiss (Dkt. 24) are therefore denied as moot, without prejudice to the Defendants' right to argue, in new motions, that the amendments do not cure the

alleged pleading or venue defects they previously identified.

While the FAC is now operative, the addition of Texas Sugar North, LLC; Texas Dove Cove, LLC; Texas Cedar Ridge, LLC; and Texas Brick Maze, LLC ("Texas LLCs") as plaintiffs to the FAC has called into question the complete diversity of party citizenship required for a federal court to exercise jurisdiction. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that LLCs are citizens of all the states of which their members are citizens). Accordingly, Plaintiffs are ordered to file a brief of no more than 5 pages showing why this matter should not be dismissed for lack of jurisdiction. Responses are due within 21 days of the date of this order.

For the reasons set forth above, Plaintiffs' FAC is deemed filed. Defendants' motion to transfer venue and motion to dismiss are denied without prejudice. Plaintiffs are ordered to show why the case should not be dismissed for lack of subject matter jurisdiction. Decision on Defendants' motions to strike settlement communications and disqualify counsel are deferred.

**IT IS SO ORDERED**.

Dated: August 26, 2020

RICHARD SEEBORG
United States District Judge