UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC DIVERSIFIED INVESTMENTS, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>RAMSON MUMBA, et al.,<br><br>Defendants. | Case No. 20-cv-03645-RS<br><br>**ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION** |

According to the First Amended Complaint ("FAC"), Zain Jaffer and Ramson Mumba met at a Florida real estate investors' conference and agreed to go into business together. Jaffer would provide the cash and Mumba the know-how. To carry out their investment scheme, Jaffer and Mumba agreed to form single-asset LLCs to acquire and hold title to investment properties. Each individual would be a member of the LLCs by way of an entity; Jaffer's investment company Pacific Diversified Investments, LLC ("PDI") and Mumba's affiliate Estrella Ramon Enterprises, LLC ("ERE") executed four essentially identical[1] Operating Agreements over the course of about four months. Soon after the formation of the youngest LLC, the dominoes began to fall.

Invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332, Plaintiff PDI filed an assortment of state law claims in federal court on June 1, 2020. PDI filed an FAC on August 13, 2020, which purported to join four new Plaintiffs: Texas Sugar North, LLC; Texas Dove Cove, LLC; Texas Cedar Ridge, LLC; and Texas Brick Maze, LLC (collectively the "Texas LLCs").

---

[1] Because all four Operating Agreements are, in all material terms, identical, they will be referred to collectively.

Upon review of the FAC, it became clear that the addition of the Texas LLCs imperiled complete diversity of the parties. PDI is a California citizen. ERE is a Texas citizen. Because LLCs are citizens of all the states of which their members are citizens, the Texas LLCs are, seemingly, citizens of both Texas and California. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). At least one Defendant, Chartreuse Investments, Inc., for example, is also a citizen of Texas, making it appear as though both a plaintiff and defendant are citizens of Texas.[2]

In response to an Order to Show Cause why the matter ought not be dismissed for lack of jurisdiction, Plaintiffs asserted that ERE never paid the capital contributions contemplated by the Operating Agreements. As a result, they maintain that ERE is not, and never became, a member of the Texas LLCs. ERE rejoins that, by the plain meaning of the terms of the Operating Agreements, payment of capital contributions was not a condition precedent to membership. In light of the fundamental presumption that federal courts lack subject matter jurisdiction, the action must be dismissed for lack of jurisdiction.

Under California choice of law principles, Delaware law governs this dispute because all four of the Texas LLCs were incorporated in Delaware. *See* Cal. Corp. Code § 17708.01(a) ("The law of the state or other jurisdiction under which a foreign limited liability company is formed governs . . . [t]he organization of the limited liability company, its internal affairs, and the authority of its members and managers."). The terms of an operating agreement determine who or what entity becomes a member and when. Del. Code Ann. tit. 6, § 18-301 (West 2020). Payment of a capital contribution is not statutorily mandated. *Id*. at § 18-301(d).

Plaintiffs have failed to identify any textual basis for their contention that payment of a capital contribution was a condition precedent to membership. Plaintiffs refer only to an apparently inadmissible pre-execution, negotiation understanding that "PDI made clear that it would not enter into an operating agreement unless and until ERE paid its initial capital

---

[2] It is undisputed that all the other individual and entity Defendants are not citizens of California.

contributions." Plaintiffs' Response to Order to Show Cause RE: Diversity Jurisdiction at 3. Nevertheless, while the contributions are described as "required" throughout the Operating Agreements, there is no language conditioning membership on their payment. On the contrary, article 3.3 of the Operating Agreements prepares for non-payment: a delinquent party is deemed a "Non-Contributing Member." Additionally, article 3.3 permits PDI, in its sole discretion, to declare a "Non-Contributing Member" in default and pursue remedial measures such as divestment of voting and approval rights. Together, these provisions suggest that it is not only possible, but anticipated, that a duly recognized member might fail to make the required contributions. Non-payment carries consequences, but it does not bar membership.

Plaintiffs advance one other, unavailing argument: resolution of the jurisdictional question in Defendants' favor denies them the opportunity to prove that ERE never gained membership. The Operating Agreements, which are contracts requiring ERE and PDI's mutual assent, designate ERE as a member; however, PDI's assent to the Operating Agreements was, by Plaintiff's assertion, secured by fraudulent representations about the payment of required capital contributions. Therefore, if Plaintiffs succeed on the merits to show that ERE committed fraud to secure PDI's consent to the terms of the Operating Agreements, ERE will no longer be a member and diversity will remain complete.

This thorny, temporal problem emphasizes, rather than undermines, the proposition that subject matter jurisdiction does not exist. In stating ERE "will no longer be a member" of the Texas LLCs on a showing that ERE fraudulently induced PDI's assent, PDI essentially admits that ERE is now, and will remain, a member, as long as it is not judicially severed from the Texas LLCs. Plaintiff's Response to Briefing RE: Diversity Jurisdiction at 3. By their own admission, then, Plaintiffs acknowledge that "diversity will be complete" only upon a showing that ERE committed fraud to become a member of the Texas LLCs. *Id.* The issue is, thus, one on which a federal court cannot opine.

Article 3.3 of the Operating Agreement imbues PDI with the authority to remedy non-contribution of another Member. Election of one of the three enumerated remedies "shall not be a

ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION
CASE NO. 20-cv-03645-RS

3

waiver or limitation of the right to pursue an additional or different remedy available hereunder or of law or equity." *E.g.*, Limited Liability Company Operating Agreement of Texas Sugar North, LLC, article 3.3(a). It is indisputable, then, that PDI has the right to pursue judicial action, just not in this court of limited jurisdiction. For the reasons set forth above, the action must be dismissed.[3] Accordingly, all pending motions are denied as moot.

**IT IS SO ORDERED**.

Dated: October 16, 2020

_____
RICHARD SEEBORG
United States District Judge

---

[3] The question of whether ERE did or did not, as a factual matter, pay any capital contributions remains undecided.

ORDER OF DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION
CASE NO. 20-cv-03645-RS
4